United States District Court
Southern District of Texas
**ENTERED**
April 06, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-16-0147-01 |
| | § | |
| SHAWN THOMAS POTTS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Defendant's Amended Application for Rule 17(c) Subpoena Duces Tecum to the Complaining Witness Chevron Corporation ("Amended Application") (Docket Entry No. 83) and Non-Party Chevron Corporation's Response to Defendant Shawn Potts' Application for Subpoena *Duces Tecum* and Motion to Quash Proposed Subpoena ("Chevron's Response") (Docket Entry No. 87). For the following reasons the Amended Application will be granted in part and denied in part.

**I. Introduction**

On December 9, 2016, defendant Shawn Potts applied for a subpoena duces tecum under Fed. R. Civ. P. 17(c) to "Custodian of Records, Chevron Corporation" commanding the production of documents and records in response to 49 requests.[1] At a pretrial

---

[1] See Subpoena to Produce Documents, Information, or Objects in a Criminal Case, Exhibit 1 to Defendant's Application for Rule 17(c) Subpoena Duces Tecum to the Complaining Witness Chevron Corporation, Docket Entry No. 50-1.

conference on January 25, 2016, the court ordered Potts to submit an amended application. Potts filed the Amended Application on February 21, 2017, supported by an Ex Parte Declaration.[2] Potts' Amended Application calls for documents and records in response to 38 requests. Chevron Corporation ("Chevron") responded to the Amended Application and moved to quash the subpoena on March 7, 2017.

## II. Applicable Law

Federal Rule of Criminal Procedure 17(c) "governs the issuance of subpoenas duces tecum in federal criminal proceedings." United States v. Nixon, 94 S. Ct. 3090, 3102 (1974). Rule 17(c) provides:

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

A Rule 17(c) subpoena must be a "'good-faith effort . . . to obtain evidence,'" and the court's power to quash or modify subpoenas may

---

[2]The Ex Parte Declaration will be filed under seal. Courts are split as to whether to permit ex parte applications for a Rule 17(c) pretrial subpoena duces tecum. See United States v. Sellers, 275 F.R.D. 620, 624 (D. Nev. 2011) (collecting cases). Ex parte declarations can serve the legitimate interests of providing for the court's oversight and concealing the applicant's trial strategy.

be used to ensure that Rule 17(c) is used only for that purpose. United States v. Arditti, 955 F.2d 331, 347 (5th Cir.), cert. denied, 113 S. Ct. 597 (1992) (quoting Bowman Dairy Co. v. United States, 71 S. Ct. 675, 678-679 (1951)). "Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface." United States v. King, 164 F.R.D. 542, 546 (D. Kan. 1996). Nor was Rule 17(c) "intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Bowman Dairy, 71 S. Ct. at 679.

The party seeking access to materials under a Rule 17(c) subpoena bears the burden of showing that (1) the subpoenaed documents are relevant, (2) admissible, and (3) have been requested with adequate specificity. Arditti, 955 F.2d at 345 (citing Nixon, 94 S. Ct. at 3103). "The specificity and relevance elements require more than the title of a document and conjecture as to its contents." Id. In Nixon the Supreme Court adopted the test set out in United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), requiring the defendant to show, in addition to the factors listed above: (1) that the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (2) that production and inspection in advance of trial is necessary to properly prepare for trial and to prevent delay; and (3) that

the application is made in good faith and is not intended as a general 'fishing expedition.' See Nixon, 94 S. Ct. 3103; United States v. Bearden, 423 F.2d 805, 810 n.4 (5th Cir. 1970).

### III. Analysis

Chevron argues that Potts' Rule 17(c) subpoena should be quashed because it fails to identify specific, relevant, admissible evidentiary documents and because Potts has not met his burden under the Iozia test.

### A. Specificity

The specificity requirement is intended to provide the subpoenaed party with enough knowledge about the documents being requested to lodge objections based on relevancy and admissibility. United States v. Ruedlinger, 172 F.R.D. 453, 456 (D. Kan. 1997) (citing Black v. Sheraton Corp. of America, 564 F.2d 531, 545 (D.C. Cir. 1977)). All but one of Potts' requests references "all" documents or other materials pertaining to the identified category. Such sweeping requests are suspect.[3] For most of the requests, Potts fails to adequately specify which documents contain relevant evidence and the nature of any such evidence. But despite their

---

[3] United States v. Louis, No. 04CR,203(LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (recognizing that subpoenas seeking "'any and all' documents relating to several categories of subject matter . . . rather than specific evidentiary items" often indicate that a defendant "seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose -- to secure the production for a court proceeding of specific admissible evidence").

broad prefatory language, several of the requests are specific enough to allow for Chevron to lodge appropriate objections. The court concludes that Requests 1-5, 30, 32, 34, and 35 of the Amended Application are sufficiently specific to allow Chevron to lodge objections based on relevancy and admissibility. The remaining requests are not sufficiently specific to convince the court that Potts is not fishing in hopes of turning up favorable evidence.

**B. Relevancy**

Relevancy requires the moving party to show a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment." Arditti, 955 F.2d at 345 (citing Nixon, 94 S. Ct. at 3103). "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Absent detailed information about the documents sought in a Rule 17(c) subpoena, a court is only left "to speculate as to the specific nature of their contents and its relevance." Arditti, 955 F.2d at 346. Conclusory allegations of relevance are insufficient. Ruedlinger, 172 F.R.D. at 456.

Of the requests meeting the specificity requirement, only Requests 1-5 are supported by detailed information as to their relevance to the offenses charged in the indictment.[4] The Amended

---

[4] The information described is contained in the Ex Parte Declaration in Support of Defendant's Amended Application.

Application and Ex Parte Declaration offer only conclusory allegations as to the relevance of the remaining requests, leaving the court to speculate as to the specific nature of their content and relevance.

## C. Admissibility

Admissibility requires a movant to make a "sufficient preliminary showing that [the requested material] contains evidence admissible with respect to the offenses charged in the indictment." Nixon, 94 S. Ct. at 3104. Conclusory allegations of admissibility are not sufficient. Ruedlinger, 172 F.R.D. at 456. Potts' Amended Application, as supported by the Ex Parte Declaration, makes a sufficient preliminary showing that the documents in Requests 1-5 are relevant and, therefore, generally admissible. See Fed. R. Evid. 402. Absent any specific objection from Chevron, the court has no reason to conclude now that the documents are inadmissible.

## D. The Iozia Factors

For the reasons stated above, the court concludes that the documents identified in Requests 1-5 are evidentiary and relevant. Chevron argues that many of the documents requested are available elsewhere. But Chevron does not identify which of the requested documents are included in the 60,000 pages of documents provided by the Government.[5] Absent a specific showing to the contrary, the court accepts Potts' assertion that the documents are not otherwise

---

[5]Chevron's Response, Docket Entry No. 87, p. 14.

procurable reasonably in advance of trial by the exercise of due diligence. The court also concludes that Potts has shown that the production and inspection of the documents in advance of trial is necessary to prepare for trial and may prevent unreasonable delay of the trial. Finally, the court concludes that the application, as modified, is made in good faith and is not intended as a general fishing expedition.

## IV. Conclusions and Order

For the reasons stated above, the court concludes that Potts has met his burden of showing that the documents pertaining to Requests 1-5 are specifically identified, relevant, and admissible and that they satisfy the *Iozia* test. The court concludes that, as to the remaining requests, Potts has failed to meet this burden and that compliance with the subpoena would be unreasonable and oppressive. Accordingly, Defendant's Amended Application for Rule 17(c) Subpoena Duces Tecum to the Complaining Witness Chevron Corporation (Docket Entry No. 83) is **GRANTED in part** and **DENIED in part**. Chevron will produce to counsel for defendant Shawn Thomas Potts copies of documents that are responsive to Requests 1-5 within twenty days from the entry of this Memorandum Opinion and Order.

**SIGNED** at Houston, Texas, on this the 6th day of April, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE